*Thibodeau v. Levassüer.*

parties. It remained then only as an unauthorized incumbrance.

———

36  362
a94  518

(*) THIBODEAU *versus* LEVASSUER.

It is the *lex fori*, and not the *lex loci contractus*, by which the plea of a limitation-bar is to be adjudicated upon.

ON FACTS AGREED.

ASSUMPSIT.

This is an action on a note dated in 1837, executed at Madawaska, a portion of the territory then in dispute between the United States and Great Britain.

The Province of New Brunswick then exercised jurisdiction at this place, on both sides of the river, and continued to do so, till the ratification of the Ashburton treaty.

The note was signed in the presence of an attesting witness. Such an attestation, however, by the laws of the Province of New Brunswick, does not exempt the note from the general provisions of its statute, prescribing six years as the time within which actions may be brought on simple contracts.

The present action was not commenced until more than six years had elapsed from the maturity of the note, and from the date of the last payment. The plaintiff lives upon the left, and the defendant upon the right bank of the river St. John, which at this place was, by the Ashburton treaty, made the boundary. The defendant was in the habit of often crossing the river to attend church and transact business, so that the plaintiff had frequent opportunities to bring his action within six years, either in the Courts of the Province of New Brunswick, or of the State of Maine.

The defendant by brief statement claims the benefit of the Maine statute of limitations.

*Taber*, for the plaintiff, cited *Blanchard* v. *Russell*, 13 Mass. 1, 5; *Bulger* v. *Roche*, 11 Pick. 36; *Pearsall* v.

*Dwight*, 2 Mass. 84; *Byrne* v. *Crowninshield*, 17 Mass. 55.

*Hodgdon & Madigan*, for the defendant.

1. Contracts are subject to the laws of the place where executed, when sued under a foreign jurisdiction, except when against good morals, or to the disadvantage of the State or its citizens. *Pearsall* v. *Dwight*, 2 Mass. 84.

2. Whatever affects the legal remedy, whether giving, withholding, extending or restricting the time within which an action may be brought, is a part of and pertains to the contract. Comyn on Contracts, p. 47; *Homer* v. *Wallis*, 11 Mass. 309; *Stone* v. *Tibbetts*, 26 Maine, 110; *Burnham* v. *Webster*, 19 Maine, 232; *Knill* v. *Williams*, 10 East's Term R. 436.

3. A witness in Maine extends the time within which an action may be brought, and constitutes "a different legal contract from what it would be without." *Smith* v. *Dunham*, 8 Pick. 246; *Brackett* v. *Mountfort*, 2 Fairf. 115.

4. The defendant having come within the jurisdiction of Maine, by treaty stipulation, the present action is not entertained by comity, but by an obligation assumed at the ratification of that treaty, and must, by the laws and usages of nations, be determined in every particular, in the same manner, as if it had been brought in the Province of New Brunswick.

TENNEY, J. — The place where the note was made and where the parties thereto resided, at its date was subject to the jurisdiction of the Province of New Brunswick. By the laws of that Province a suit thereon would have been barred by the statute of limitations in six years, after the cause of action accrued, notwithstanding the note was signed in the presence of a witness, who attested it. It is admitted that more than six years had elapsed after the maturity of the note and the date of the last payment thereon, before the commencement of this suit. The defendant relies upon the same defence here, which would there have prevailed. The ques-

tion presented is, can the plaintiff recover under these facts and the statute of limitations? We think he can. R. S., c. 146, § 7.

The time of limitations of actions, depends on the *lex fori,* and not on the *lex loci contractus.* The case of *Pearsall & al.* v. *Dwight & al.* 2 Mass. 84, was a suit upon a promissory note, and the question discussed and decided in the negative was, whether to an action commenced in a Court in Massachusetts, by the plaintiffs, inhabitants of New York, on the note there executed by the defendants, inhabitants of Massachusetts, the statute of limitations of the State of New York can be pleaded in bar. PARSONS, C. J., in the opinion of the Court, says, — " The law of the State of New York will be adopted by the Court, in deciding on the nature, validity and construction of this contract. This we are obliged to do by our laws. So far the obligation of comity extends, but it extends no further. The form of the action, the course of judicial proceedings, and the time when the action may be commenced, must be directed exclusively by the laws of this Commonwealth."

In *Bulger* v. *Roche,* 11 Pick. 36, the same doctrine was affirmed in a suit upon a note, which was made in Halifax, in the Province of Nova Scotia, between subjects of that Province, who remained there till it was barred by the statute of limitations of that country. It was held, that the statute of limitations of Massachusetts could not be pleaded in bar to an action brought upon the debt within six years after the parties came into that Commonwealth. The subject is very fully discussed in the case of *Le Roy & al.* v. *Crowninshield,* 2 Mason, 151, where the authorities are collected and commented upon ; and it was there held, that the plea of the statute of limitations of the State where a contract is made, is no bar to a suit, in a foreign tribunal, to enforce that contract ; and the question was treated as one entirely at rest. Judge STORY, in his Commentaries on the " Conflict of Laws," § 581, says, " the common law has firmly fixed its own doctrine, that the prescription of the *lex fori* must prevail in all cases." *British*

*Linen Company* v. *Drummond*, 10 Barn. & Cres. 903 ; *Vega* v. *Vianna*, 1 Barn. & Adol. 284 ; *Lincope* v. *Battelle*, 6 Wend. 475.  *Judgment for the plaintiff.*

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.